```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JONATHAN FAGGINS, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 05-4887 (JBS) |
| v. | |
| SGT. FLEMMINGS, et al. | **OPINION** |
| Defendants. | |

APPEARANCES:

Jonathan Faggins
638 West Broad Street
Westfield, NJ 07090
    Plaintiff pro se

Keith S. Massey, Jr., Esq.
OFFICE OF THE NJ ATTORNEY GENERAL
DEPARTMENT OF LAW & PUBLIC SAFETY - DIVISION OF LAW
25 Market Street
P.O. Box 112
Trenton, NJ 08625
    Attorney for Defendants Yacovelli and Dice

**SIMANDLE**, District Judge:

## I.  INTRODUCTION

This matter is before the Court on the motion of Defendants Yacovelli and Dice ("Defendants") to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6)[1],

---

[1] A 12(b)(6) motion is not appropriate because exhaustion is an affirmative defense. Jones v. Bock, 509 U.S. ___, slip op. at 11-16 (2007); see also Spruill v. Gillis, 372 F.3d 218, 223 at n.2 (3d Cir. 2004) (Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is appropriate).

and/or for summary judgment, pursuant to Fed. R. Civ. P. 56.[2] For the reasons explained below, the Court shall grant Defendants' motion for summary judgment.[3]

**II. BACKGROUND**

Plaintiff, Jonathan Faggins, was incarcerated at South Woods State Prison ("South Woods") in Bridgeton, New Jersey from December 31, 2002 to November 15, 2004. Plaintiff claims that in March 2004, Defendant Yacovelli, a guard at the prison, asaulted him by stomping on his feet, head-butting him, and threatening to kill him, without provocation. (Compl. at 6, 7.) Plaintiff also alleges that on October 26, 2004, Defendant Dice, without provocation, dragged him down a stairwell, slammed his face into a brick wall – breaking Plaintiff's tooth – and held him down while several other officers beat him. (Compl. at 6a, 7.)

Plaintiff was disciplined as a result of the encounter with Defendant Dice. According to Defendants' version of events, Defendant Dice told Plaintiff to come down a stairwell to where

---

[2] As of this date, the other defendants named in the Complaint, Sergeant Flemmings and Officer Smith, have not been served and more than 120 days have elapsed since this Complaint was filed in January 2006. Therefore, unless Plaintiff properly serves these defendants within ten (10) days of the entry of this Opinion, the Court shall dismiss all claims against them, pursuant to Fed. R. Civ. P. 4(m).

[3] The Court shall convert the motion to dismiss to a motion for summary judgment because both parties rely on matters outside the pleadings, including affidavits and exhibits, that are relevant to this Court's decision whether the case may proceed. See Fed. R. Civ. P. 12(b).

Dice was standing and to tuck his shirt in.  Plaintiff allegedly retorted with a threat to Dice.  Subsequently, Defendants claim, Dice and other officers restrained Plaintiff in handcuffs and placed him in administrative segregation.

Indisputably, South Woods charged Plaintiff with threatening another with bodily harm in violation of N.J.A.C. 10A:4-4.4(a)(*.005), an institutional infraction.  A prison hearing officer found Plaintiff guilty of the charge and sanctioned him to fifteen days of detention, 240 days lost commutation time, and 240 days in administrative segregation.  Plaintiff appealed this finding and in November 2004 Assistant Superintendent Andrea Kinchen upheld the hearing officer's determination of guilt but reduced Plaintiff's punishment.  At some point, both parties allege, Plaintiff appealed this finding to the Appellate Division of the New Jersey Superior Court, which rejected it.  The Court has no record of that appeal.

Plaintiff filed this action on October 7, 2005.  As an inmate at South Woods, Plaintiff had received a copy of the inmate handbook, which describes the four-step process "for inmates to make the Administration aware of their problems and concerns [and to] allow the Administration to effect timely and appropriate responses to these problems and concerns... ."  (Villar Aff. Ex. C, South Woods Inmate Handbook at 96.)  Step one requires inmates to file an inmate request form; step two

3

requires inmates to file an interview request form; step three requires inmates to file an administrative remedy form; and step four permits inmates to file a form entitled "Administrative Remedy Form – Appeal."

In this case, Defendants claim - and the record shows - that Plaintiff completed only step one with regard to the October 26, 2004 incident. There is no record of any administrative complaint form filed by Plaintiff with regard to an incident in March 2004. Plaintiff claims that he has done more than file that one complaint, including writing letters to the Governor and the President, however he does not provide the Court with any record that he exhausted the available prison remedies for either incident.

### III. MOTION FOR SUMMARY JUDGMENT

#### A. Rule 56 Standard

Summary judgment is only appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of

law.  Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  Id.

In deciding whether there is a disputed issue of material fact, the Court must view the evidence in favor of the nonmoving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson, 477 U.S. at 255).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson, 477 U.S. at 250.

The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.

However, "the nonmoving party may not, in the face of a showing of a lack of a genuine issue, withstand summary judgment by resting on mere allegations or denials in the pleadings;

5

rather, that party must set forth 'specific facts showing that there is a genuine issue for trial,' else summary judgment, 'if appropriate,' will be entered." U.S. v. Premises Known as 717 South Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993) (quoting Fed. R. Civ. P. 56(e))(citations omitted).

> Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex, 477 U.S. at 323.

**B.   Discussion**

The Prison Litigation Reform Act ("PLRA") provides, in part:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)(a).  The PLRA's exhaustion requirement applies to all inmate suits "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v.

6

Nussle, 534 U.S. 516, 532 (2002). Furthermore, exhaustion of all administrative remedies is mandatory whether or not the inmate believes such administrative remedies to be effective and even if the available administrative processes cannot grant the desired remedy. Booth v. Churner, 532 U.S. 731, 739-41 (2001). Moreover, in Concepcion v. Morton, the Third Circuit held that the PLRA's exhaustion requirement applies to grievance procedures set forth in a New Jersey Department of Correction's inmate handbook and that these procedures are administrative remedies, within the meaning of the statute. Concepcion v. Morton, 306 F.3d 1347, 1355 (3d Cir. 2002) ("[A] remedy need not be formally adopted through regulations by an agency in order for it to be considered an 'administrative remedy' within the scope of § 1997e(a)'s exhaustion requirement. Thus . . . plaintiffs must first attempt to address their grievances through the administrative remedy described in New Jersey's Department of Corrections Inmate Handbook before they will be allowed to pursue their § 1983 claims."). Plaintiff makes no argument to the contrary.

    Defendants claim that they are entitled to dismissal and/or summary judgment because Plaintiff did not exhaust his administrative remedies by filing administrative complaints based on his allegations against them, as outlined in the inmate handbooks.

Plaintiff claims that he attempted to – and thought he did – exhaust his administrative remedies. Plaintiff has provided evidence that he filed an inmate request form (step one) with regard to the incident with Defendant Dice on October 26, 2004 (Pl. Ex. F). Although Plaintiff was ultimately disciplined for this incident, there is no evidence that he availed himself of steps two, three, or four of the available administrative remedies.[4]

Plaintiff claims that he also filed an inmate request form with regard to the March 2004 incident with Yacovelli, which he provides a handwritten copy of, apparently from memory. (Pl. Ex. A). This complaint apparently elicited no response, so Plaintiff

---

[4] Although Defendants make a separate argument that this Court is bound by the decision of South Woods' disciplinary hearing officer, see 28 U.S.C. § 1738, the record of that decision that Defendants supplied to the Court is illegible and does not appear be the type of decision to which New Jersey courts would defer. See Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511 (2006). Further, no party has supplied this Court with the subsequent decision by the Appellate Division of the New Jersey Superior Court, to which the Court might defer, consistent with New Jersey and federal law.

On the other hand, although Plaintiff does not specifically raise the argument, the Court finds that Plaintiff's appeal of the disciplinary measures taken against him for the encounter with Defendant Dice does not constitute exhaustion of his available administrative remedies. See Belton v. Robinson, No. 04-5105, 2006 WL 231608 (D.N.J. Jan. 30, 2006); Camino v. Scott, No. 05-4201, 2006 WL 1644707, slip op. at * 5 (D.N.J. June 7, 2006) ("plaintiff's allegation that he exhausted administrative remedies through the appeals process of his disciplinary charge is without merit."). The standard four-step process was still available to him to complain of any excessive force that officers at the prison may have used against him.

then followed up with a letter to the Administrator of South Woods, Kathryn MacFarland, to which she responded. (Pl. Ex. C.) That letter indicated that Plaintiff's complaint was being investigated. Defendants supply evidence of their investigation of both incidents.

Plaintiff has not provided any evidence, however, that he filed an interview request form, administrative remedy form, or an appeal from the administrative remedy. Thus, there were remedies available to him within the prison system that the PLRA required him to use before filing a case in federal court related to these alleged instances of excessive force. His failure to do so requires the Court to dismiss these claims.

The Court notes that it appears that Plaintiff is no longer incarcerated in the New Jersey prison system. Nevertheless, The PLRA applies to this action because Plaintiff was in prison at the time he filed it. Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002). The Court must, therefore, dismiss this action without prejudice and Plaintiff is permitted to file a new action based on these incidents only insofar as the statute of limitations would permit him to do so.

## IV.   CONCLUSION

Because Plaintiff failed to exhaust available prison remedies with regard to the allegations in the Complaint against Defendants Yacovelli and Dice, the Court shall dismiss

9

Plaintiff's claims against these defendants. As to the remaining claims, Plaintiff has ten days from the entry of this Opinion and Order to properly serve Defendants Flemmings and Smith or the entire case shall be dismissed. An appropriate Order shall be entered.

| | |
|---|---|
| **February 5, 2007** | **s/ Jerome B. Simandle** |
| Date | Jerome B. Simandle |
| | U.S. District Judge |